**United States District Court**
**For The Southern District of Florida**

Jesus Pina and Rosa Pina,

    Plaintiffs,

vs.                                        Civil Action No.

PennyMac Loan Services, LLC,

    Defendant.
_____/

**Complaint and Demand for Jury Trial**

Plaintiffs, Jesus Pina and Rosa Pina ("Plaintiffs"), sue Defendant, PennyMac Loan Servicing, LLC ("Defendant"), for monetary relief, including attorney fees and costs, and respectfully demand judgment against the Defendant on all claims pled against it in this complaint. Plaintiffs bring this action under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and its implementing regulation, Regulation X, 12 C.F.R § 1024 ("Regulation X"), for multiple violations of the RESPA and Regulation X. The ultimate facts supporting Plaintiffs' entitlement to the requested relief are articulated in the numbered paragraphs below.

Jurisdiction, Venue, and Parties

1. This Court has subject matter jurisdiction over Plaintiff's claim under the RESPA and Regulation X pursuant to 12 U.S.C. § 2614.

2. Venue is proper in the United States District for the Southern District of Florida under 12 U.S.C. § 2614 because it is the district in which the property involved is located.

3. Plaintiffs is Florida residents residing in Broward County.

4. Defendant is a corporation with its principal place of business in the State of Florida. At all times material to this action, Defendant regularly transacted business in the state of Florida.

## Introduction

5. In January 2013, the Consumer Finance Protection Bureau ("CFPB") issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act ("DFA"), Public Law No. 111-203, 124 Stat. 1376 (2010).

6. Specifically, on July 10, 2013, the CFPB issued mortgage rules under Regulation Z and Regulation X pursuant to its authority under the DFA, which became effective on January 10, 2014.

7. Defendant is a loan "servicer" of the Plaintiff's "federally related mortgage loan" as those terms are defined in the RESPA, 12 U.S.C. § 2602(1) and 12 U.S.C. § 2605(i)(2) (the "Loan"). Defendant receives payments from consumers and is responsible for distributing those payments to the investors who own the consumers' loans and, when the consumers' loans include escrow accounts, to the consumers' taxing authorities or insurance companies. Thus, it is a servicer within the meaning of RESPA. 12 C.F.R. § 1025.2(b). Thus, the Defendant is subject to the servicing requirements provided for in the RESPA and Regulation X.

8. RESPA and Regulation X are applicable to all "federally related mortgage loans", which include any loans secured by a first or subordinate lien on residential real property upon which a one-to-four family structure is located and which is made in whole or in part by any lender that is either regulated by or whose deposits or accounts are insured by an agency of the Federal

Government. *See* 12 C.F.R. § 1024.2. Accordingly, Plaintiffs' Mortgage is a "federally related mortgage loan" as defined in Regulation X. *Id.*

9.  The sections of Regulation X which Plaintiff alleges have been violated by the Defendant were promulgated pursuant to § 6 of RESPA and are thus subject to RESPA's private right of action. *See* 78 Fed. Reg. at 10790 (describing the effect of promulgating a regulation pursuant to Section 6 of RESPA with respect to creating a private right of action).

10. Plaintiff is asserting a claim for relief against Defendant for breaches of the specific rules under Regulation X as set forth below.

11. Plaintiff has a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) for the claimed breaches and such action provides for remedies including actual damages, statutory damages, attorneys' fees and costs.

Factual Allegations

12. Plaintiffs are the fee simple owners of the real property located at 12652 NW 6th CT, Coral Springs, FL 33071 (the "Property")

13. On or about March 26, 2015, Plaintiffs executed a promissory note and mortgage in favor of Paramount Residential Mortgage Corp., Inc. (the "Mortgage").

14. On or about August 24, 2017, Plaintiffs sent to Defendant a Request for Information specifically requesting, among other things, the identity and contact information for the current owner of the Plaintiffs' Mortgage (the "Loan Owner RFI"). A copy of the Loan Owner RFI is attached as Exhibit "A".

15. On or about August 30, 2017, the Defendant sent to the Plaintiff a letter providing the contact information for the owner of Plaintiff's loan but failing to respond to the balance of the

requests made in the Loan Owner RFI. A copy of the August 30, 2017 letter is attached as Exhibit "B".

16. On or about September 5, 2017, Plaintiffs sent to Defendant a Request for Information specifically requesting, among other things, an accurate payoff balance of the Plaintiffs' Mortgage (the "Payoff RFI"). A copy of the Payoff RFI is attached as Exhibit "C".

17. On or about September 12, 2017, the Defendant sent to the Plaintiff a letter providing the payoff balance of the Plaintiff's mortgage but failing to respond to the balance of the requests made in the Payoff RFI. A copy of the September 12, 2017 letter is attached as Exhibit "D".

18. On or about November 3, 2017, Plaintiffs sent to Defendant a notice of error notifying the Defendant that it had committed an error by failing to respond to the balance of the requests made in the Loan Owner RFI (the "Loan Owner RFI NOE"). A copy of the Loan Owner RFI NOE is attached as Exhibit "E".

19. On or about November 3, 2017, Plaintiffs sent to Defendant a notice of error notifying the Defendant that it had committed an error by failing to respond to the balance of the requests made in the Payoff RFI (the "Payoff RFI NOE"). A copy of the Payoff RFI NOE is attached as Exhibit "F".

20. On or about December 14, 2017, Defendant sent to the Plaintiff a letter in response to its Payoff RFI NOE, which admits that it committed an error by failing to timely provide the balance of the requests in the Payoff RFI. A copy of the December 14, 2017 letter is attached as Exhibit "G".

**Count I – Failure to Respond to Loan Owner RFI**
**Violation of Regulation X, Section 12 C.F.R. § 1024.36(d)**

21. Plaintiff incorporates the allegations in paragraphs 1-20 above into this count for damages.

22. Regulation X section 1024.36(d)(1) provides that a "servicer must respond to an information request by either: (i) [p]roviding the borrower with the requested information and contact information, including telephone number, for further assistance in writing; or (ii) [c]onducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance." 12 C.F.R. § 1024.36(d)(1).

23. Regulation X section 1024.36(d)(2) provides that a servicer must comply with the requirements in section 1024.36(d)(1) not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) for all requests for information other than requests for the identity of the owner of assignee of a mortgage loan. 12 C.F.R. § 1024.36(d)(2)(i)(B).

24. Further, 12 C.F.R. § 1024.36(d)(2)(ii) provides:

> "(ii) Extension of time limit. For requests for information governed by the time limit set forth in paragraph (d)(2)(i)(B) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section."

25. Plaintiff sent to Defendant the Loan Owner RFI on August 24, 2017 requesting certain information pertaining to their mortgage loan. See Exhibit "A".

26. Defendant failed to properly, timely, and adequately respond to Plaintiff's Loan Owner RFI and is therefore in violation of 12 C.F.R. § 1024.36(d).

27. As a result of Defendant's violation, Plaintiff incurred damages when it was forced to send subsequent requests for information and/or notices of error either requesting the same documentation or notifying the Defendant of errors it committed in not properly replying to prior requests for information. See Exhibit "E"

28. As a result, Plaintiff incurred actual damages in the form of (1) costs and legal fees incurred to prepare each subsequent request for information and subsequent notices of error, including the Loan Owner RFI NOE; (2) costs incurred in connection with the photocopying and mailing of the requests for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f).

29. Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

**Count I – Failure to Respond to Payoff RFI**
**Violation of Regulation X, Section 12 C.F.R. § 1024.36(d)**

30. Plaintiff incorporates the allegations in paragraphs 1-20 above into this count for damages.

31. Regulation X section 1024.36(d)(1) provides that a "servicer must respond to an information request by either: (i) [p]roviding the borrower with the requested information and contact information, including telephone number, for further assistance in writing; or (ii) [c]onducting a reasonable search for the requested information and providing the borrower with a

written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance." 12 C.F.R. § 1024.36(d)(1).

32. Regulation X section 1024.36(d)(2) provides that a servicer must comply with the requirements in section 1024.36(d)(1) not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) for all requests for information other than requests for the identity of the owner of assignee of a mortgage loan. 12 C.F.R. § 1024.36(d)(2)(i)(B).

33. Further, 12 C.F.R. § 1024.36(d)(2)(ii) provides:

"(ii) Extension of time limit. For requests for information governed by the time limit set forth in paragraph (d)(2)(i)(B) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section."

34. Plaintiff sent to Defendant the Payoff RFI on September 5, 2017 requesting certain information pertaining to their mortgage loan. See Exhibit "C".

35. Defendant failed to properly, timely, and adequately respond to Plaintiff's Payoff RFI and is therefore in violation of 12 C.F.R. § 1024.36(d).

36. As a result of Defendant's violation, Plaintiff incurred damages when it was forced to send subsequent requests for information and/or notices of error either requesting the same documentation or notifying the Defendant of errors it committed in not properly replying to prior requests for information. See Exhibit "F"

37. As a result, Plaintiff incurred actual damages in the form of (1) costs and legal fees incurred to prepare each subsequent request for information and subsequent notices of error, including the Payoff RFI NOE; (2) costs incurred in connection with the photocopying and mailing

of the requests for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f).

38. Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

## Prayer for Relief

Wherefore, Plaintiffs demand final judgment against Defendant providing for all of the following:

a. awarding actual damages that have been and may be proximately caused by Defendant's violation of the RESPA and Regulation X;

b. statutory damages under RESPA for Defendant's pattern and practice of non-compliance;

c. prevailing party attorneys' fees and costs under 12 U.S.C. § 2605(f);

d. awarding any further relief available under the law.

## Jury Demand

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

_____
March 16, 2018
Miami, FL

                                                    Respectfully submitted,

                                                    Ruzy Behnejad

Florida Bar No. 111894
ruzy@behnejadlaw.com
Behnejad Law PLLC
8724 Sunset Drive #261
Miami, FL 33173
Tel: 786.554.3999
Attorney for Plaintiff

*/s/ Ruzy Behnejad*
Ruzy Behnejad
Florida Bar No. 111894